NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

JOHN LEO DAVIS, *Defendant/Appellant,*

*v.*

STEVE ERLICK; LISA ERLICK, *Defendants/Appellees.*

No. 1 CA-CV 25-0683

FILED 07-02-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-010253
The Honorable Michael S. Mandell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Scott M. Zerlaut
*Counsel for Plaintiff/Appellee*

John Leo Davis, Eloy
*Defendant/Appellant*

Arizona Crime Victim Rights Law Group, Scottsdale
By Randall S. Udelman
*Counsel for Defendants/Appellees Steve Erlick and Lisa Erlick*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**P A T O N**, Judge:

¶1 John Leo Davis ("Davis") appeals from a superior court order disbursing interpleaded funds to restitution lienholders. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Davis killed his wife, M.D., in March 2015. He pled guilty to second degree murder in January 2020 and was sentenced to twenty-five years' imprisonment. M.D.'s death and Davis's imprisonment left the couple's six minor children effectively without parents, so their maternal grandparents ("Grandparents") adopted them.

¶3 Grandparents sought criminal restitution for the estimated future costs of raising the children and reimbursement of various expenses, including M.D.'s funeral and estate expenses, children's expenses, and legal fees related to the adoption and probate proceedings. After a restitution hearing, the superior court awarded $1,071,479.61 in restitution. Of this amount, $982,515 consisted of estimated future costs of raising the children and was awarded to Grandparents as victims' representatives for the children. The remaining $88,965 was awarded to Grandparents themselves.

¶4 Davis sought post-conviction relief ("PCR"), challenging the restitution orders. He argued the superior court awarded restitution for "consequential damages" instead of "economic loss" caused by his criminal offense. The superior court disagreed and dismissed his PCR petition, so Davis petitioned this court for review.

¶5 Meanwhile, Davis obtained a $15,000 civil judgment against a state employee in a separate civil case. The State filed an interpleader action, requesting authorization to deposit the $15,000 (hereinafter, the "interpleaded funds") with the superior court and an order discharging it from further liability arising from the civil judgment.

¶6 Davis and Grandparents each filed an answer asserting a claim to the interpleaded funds. Davis notified the court that he was

challenging the propriety of the restitution orders in a PCR proceeding pending before this Court. He claimed he expected this Court to vacate the restitution orders and argued the clerk of the superior court should hold the interpleaded funds until then. Grandparents argued they were entitled to the interpleaded funds as restitution lienholders and requested disbursement of the funds in partial satisfaction of the criminal restitution orders.

**¶7**  The superior court entered an order on July 30, 2025, directing the State to deposit the interpleaded funds with the clerk of the superior court and discharging it from further liability on that judgment. The order then directed the clerk of the superior court to disburse the interpleaded funds in pro rata shares to the restitution lienholders (which it later stayed pending the outcome of this appeal).

**¶8**  Davis timely appealed the portion of the order directing disbursement of the interpleaded funds. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

**¶9**  We note at the outset that Grandparents have not filed an answering brief. The failure to file an answering brief may be considered a confession of reversible error when debatable issues exist. *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965). But we find no confession of reversible error here because Davis has raised no debatable issues. *Carter v. State ex rel. Eyman*, 5 Ariz. App. 415, 415 (1967) ("[T]he failure to file an answering brief does not constitute a confession of reversible error since no debatable issue is presented.").

**¶10**  The sole issue on appeal is whether the superior court had authority to order disbursement of the interpleaded funds to restitution lienholders while Davis's PCR matter challenging restitution was pending before this Court.[1] Davis claims it did not because Section 13-804(D) required the superior court to "withhold disbursement of the restitution payments when a defendant's appeal is pending."

---

[1] We have since issued an opinion affirming the restitution award except a small portion of the total restitution amount (the costs to raise the children after age 18), which we vacated. *State v. Davis*, 1 CA-CR 24-0457 PRPC, 2026 WL 1458863, at *6, ¶ 31 (Ariz. App. May 22, 2026). Nonetheless, Davis's PCR matter remains "pending" because the mandate has not yet issued.

¶11 We review the application and interpretation of statutes de novo. *State v. Bryson*, 256 Ariz. 511, 514, ¶ 9 (App. 2023). Section 13-804(D) provides that "restitution payments . . . shall not be stayed if the defendant files a notice of appeal, and the payments *may* be held by the court pending the outcome of an appeal." (emphasis added).

¶12 As a threshold matter, we note that although Arizona courts have applied Section 13-804(D) in a direct appeal, *see State v. Hansen*, 215 Ariz. 287, 288, 291, ¶¶ 4, 18 (2007), no Arizona court has expressly applied it in a PCR proceeding. A pending appeal differs from a pending PCR proceeding because a conviction pending appeal is not yet final. *See State v. Febles*, 210 Ariz. 589, 592, ¶ 9 (App. 2005) (a conviction becomes final when "the availability of appeal [is] exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari [is] finally denied") (citations omitted). But we have also explained that a pleading defendant's PCR is "analogous to a direct appeal" by a non-pleading defendant because a pleading defendant is precluded from filing a direct appeal. *State v. Rosas-Hernandez*, 202 Ariz. 212, 216-17, ¶¶ 13-14, 16 (App. 2002) (citation omitted); *see also* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 17.1(e) (a defendant who pleads guilty in a noncapital case "waives the right to file a notice of appeal and to have an appellate court review the proceedings on direct appeal under [Arizona] Rule [of Criminal Procedure] 31"); *see also State v. Ward*, 211 Ariz. 158, 162, ¶ 9 (App. 2005) ("[E]ven though this matter is a post-conviction relief proceeding, by virtue of Article 2, Section 24 of the Arizona Constitution, . . . it is the functional equivalent of a direct appeal.").

¶13 But we need not resolve this issue because even assuming Section 13-804(D) applies here, it does not afford Davis relief. Davis relies on a vacated Court of Appeals opinion interpreting the word "may" in Section 13-804(D) as mandatory. *See State v. Hansen*, 214 Ariz. 34, 35, ¶¶ 8-9 (App. 2006), *vacated*, 215 Ariz. 287 (2007). But our supreme court disagreed that Section 13-804(D) "required" courts to withhold disbursement of restitution payments pending appeal; instead, it held that Section 13-804(D) merely "permit[ted] [restitution] payments to be 'held'" by the court pending appeal. *Hansen*, 215 Ariz. at 291, ¶ 16 (citation omitted).

¶14 Davis cites no authority to support his position that the superior court is required to withhold disbursement of restitution payments while a PCR matter is pending in this Court. The only legal authority he cites, even if applicable, merely permits the superior court to

hold the interpleaded funds. *See* A.R.S. § 13-804(D); *Hansen*, 215 Ariz. at 291, ¶ 16. Because the superior court was not required to withhold disbursement of the interpleaded funds, it did not err in ordering them to be disbursed.

**¶15** Davis requests his costs on appeal. We deny his request because he is not the prevailing party. *See* A.R.S. § 12-341 (providing for recovery of costs for the successful party in a civil action).

## CONCLUSION

**¶16** We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR